Filed 8/17/21 P. v. Bouras CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092308 |
| v. | (Super. Ct. No. 19HC00317, CR82074) |
| GEORGE BOURAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant George Bouras asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying his petition for recall and resentencing.

I

In 1988, defendant was convicted of first degree murder and sentenced to a term of 25 years to life. In 2019, he filed a petition for recall and resentencing pursuant to Penal Code section 1170.91.[1]

---

[1] Undesignated statutory references are to the Penal Code.

Section 1170.91 provides that if a trial court determines a defendant convicted of a felony is or was a member of the military who may be suffering from enumerated ailments as a result of such service, the circumstances shall be considered as a factor in mitigation when imposing a term under section 1170, subdivision (b). (§ 1170.91, subd. (a).) In addition, it establishes a process to petition for recall and resentencing for those defendants currently serving a felony sentence. (§ 1170.91, subd. (b).) Here, the trial court denied defendant's petition, concluding defendant is not eligible for relief as he was not sentenced under section 1170, subdivision (b), but rather under section 190, subdivision (a).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed two supplemental briefs.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.91 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)

Nevertheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case where counsel has undertaken to comply with *Wende* requirements and defendant has filed supplemental briefs. (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In his supplemental briefs, defendant claims his counsel were ineffective by failing to communicate with him. In our review of the record, however, we have not found any support for those assertions. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534 ["An appellate court's review is limited to consideration of the matters contained in the appellate record"].) In any event, we have found no prejudice. (*In re Alvernaz* (1992) 2 Cal.4th 924, 945.) The trial court correctly determined defendant is statutorily ineligible for relief under section 1170.91.

Defendant claims he was eligible under a prior version of the statute and the subsequent statutory amendment was a prohibited ex post facto law. But defendant was not eligible under the prior version. It also required that to be eligible for resentencing, defendant had to be sentenced to a determinate term under section 1170, subdivision (b). (Stats. 2018, ch. 523, § 1 (Assembly Bill No. 865); § 1170.91, subd. (a).) Defendant was not. Section 1170, subdivision (b), describes the sentencing court's discretion to choose an aggravated, middle, or lower determinate term based on its consideration of mitigating and aggravating factors. (§ 1170, subd. (b).) The statute governing punishment for first degree murder provides that, "Every person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life." (§ 190, subd. (a).) "Sentences of life imprisonment and sentences of a number of years to life, such as [defendant's] term for [first] degree murder [citation], are not subject to the

3

determinate sentencing law.  [Citations.]"  (*People v. Estrada* (2020) 58 Cal.App.5th 839, 843.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court order is affirmed.


              /S/              
              MAURO, J.


I concur:



      /S/              
HOCH, J.


4

Hull, J.

I dissent.

While the majority does not decide the question, I am of the opinion that California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) This is so because this is not the defendant's first appeal as of right. (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, I would consider the appeal abandoned and dismiss the appeal.

There is much disagreement among our courts of appeal regarding the proper disposition of non-*Wende* appeals where, as here, the defendant/appellant has chosen to raise issues in the appeal on his own and notwithstanding the fact that his appointed counsel has reported to the court that he or she cannot find any arguable appellate issues. Must the court review and resolve those issues, thus adopting the *Wende* procedure in a non-*Wende* appeal? For the reasons that follow, I do not think the court can or should do so.

". . . .[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].) In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to

1

the federal Constitution furnishes a basis for finding such a right. (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].) As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction. (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.) Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt. (*Id.* at p. 162.) Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution. (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court. That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals. (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 [(*Mattson*)].) As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will

accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, emphasis added.)

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott,* thus extending the same appellate rules to non-capital appeals.

Thus, in a non-*Wende* appeal, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

I recognize that some courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory powers to control the proceedings before it. (See e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) I submit that those courts simply do not have the authority to do so given the California Supreme Court's holding in *Barnett*.

I also recognize that the issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, I would dismiss appeals such as the one presently before us.


_____/S/_____
HULL, A.P.J.


3